IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-5120-SW-ODS |
| ) | |
| VAS-NES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION (1) GRANTING IN PART AND DENYING PART DEFENDANT'S MOTION IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE

Pending are Defendant's Motion in Limine (Doc. # 54) and Plaintiff's Motion in Limine (Doc. # 55). The parties are reminded that orders in limine are interlocutory in nature. The evidence excluded in this order should not be addressed in opening statements or within the hearing of the jury without first discussing it outside of the hearing of the jury. Upon consideration of the parties' briefs, the motions are ruled as follows.

### I. DEFENDANT'S MOTION IN LIMINE

A.  Defendant requests that the Court limit the testimony of witnesses James Hardy, C.P.A., and Angela Morelock, C.P.A., to lay opinions, and prohibit Plaintiff from asking questions that seek expert testimony. Defendant engaged these individuals during the claims process and this litigation to determine its alleged loss. Neither individual has been endorsed by either party as an expert witness. However, if either has personal knowledge acquired through review of records involving Defendant's business, or has perceptions based on industry experience, that testimony will be allowed. See Allied Sys. v. Teamsters Trans., Local 604, 304 F.3d 785, 792 (8th Cir. 2002). In addition, the witness will be

allowed to state opinions as non-experts might under Federal Rule of Evidence 701. Expert opinion under Federal Rule of Evidence 702 will not be allowed because neither witness was designated as an expert.

B.  Defendant asks that any evidence or testimony regarding the restitution assessed against Eddie Neuenschwander be excluded. Defendant's request is granted. However, Plaintiff will be permitted to submit evidence regarding the amount it paid Defendant, but such evidence should not be linked to the amount of restitution paid by Defendant as such evidence would invade the province of the jury.

C.  Defendant seeks to limit the testimony of Plaintiff's expert Randall H. Wilson because it believes that Mr. Wilson's testimony regarding whether Defendant provided proper documentation is not proper a subject matter for expert testimony. The Court directed that all motions premised on Daubert be filed on or before November 30, 2004 (Doc. # 27). Plaintiff's request as denied as untimely. Mr. Wilson's testimony will be limited to the matters disclosed in his affidavit, report and deposition testimony.

D.  Defendant also seeks to limit the testimony of Plaintiff's expert D.M. Studler to those opinions contained in her report. Mr. Studler's testimony will be limited to those matters contained in his affidavit as well as any reasonable inferences that can be drawn from his affidavit.

## II. PLAINTIFF'S MOTION IN LIMINE

A.  Plaintiff seeks to exclude all testimony and evidence regarding Detective Brian Lewis' Probable Cause Affidavit and the warrant request because these documents contain inadmissible hearsay and Detective Lewis will be available to testify at trial. Pursuant to Rule 803(8)(c) of the Federal Rules of Evidence, this evidence may be admitted because it consists of "factual findings resulting from an investigation made pursuant to authority granted by law. . . ." The Court is unable to address any potential double hearsay problems at this time and Plaintiff should feel free to assert those at trial. Otherwise, Plaintiff's request is denied.

B.  Plaintiff requests that the Court exclude the Joplin Police Department Report and all testimony and evidence related thereto because it contains inadmissible hearsay. For the same reason set for in section II(A), the testimony and evidence related to the police report will not be excluded. Double hearsay objections may be raised at trial.

C.  Plaintiff asks that the Court exclude all testimony and evidence relating to its corporate structure, size and financial status. Any such evidence and testimony is irrelevant to this case and will be excluded.

D.  Plaintiff moves to exclude all testimony and evidence that Plaintiff's experts have been retained by Plaintiff or Plaintiff's counsel in other cases. Pursuant to Rule 611(b) of the Federal Rules of Evidence, such testimony and evidence will not be excluded because it relates to matters affecting the witness' credibility.

E.  Plaintiff seeks to exclude any reports or spreadsheets prepared by Defendant's employees and representatives supporting the claimed amount of loss because the reports contain complicated calculations based on advance accounting principles and the individuals preparing the documents lacked the proper education, experience and training to prepare the documents. The Court agrees with Defendant that an individual does not need special expertise, training or education to prepare documents regarding a claimed loss due to employee dishonesty. This evidence will not be excluded.

F.  Plaintiff asks that all opinions and conclusions by Defendant's employees and other third parties regarding the nature, amount and causation of the claimed loss be excluded because such an opinion would require the person to have advanced training, education and experience. Pursuant to Rule 701 of the Federal Rules of Evidence, these witnesses will be permitted to testify about their opinions and perceptions. See Section I(A). They will not be permitted to give expert testimony under Federal Rule of Evidence 702.

G.  Plaintiff requests that all testimony regarding Mr. Neuenschwander's alleged cruises, trips, vacations and purchases be excluded because the statements present improper hearsay. Without knowing the source of the statements, the Court is unable to determine whether the statement would be admissible under

the Federal Rules of Evidence and finds the request premature.

H. Plaintiff seeks to exclude Mr. Neuenschwander's bank records from UMB Bank because they are irrelevant and immaterial to the matters involved in the case. The Court disagrees. Mr. Neuenschwander's bank records are highly relevant to the matters involved in this case and may be admitted.

I. Finally, Plaintiff requests that the Court exclude all evidence and testimony regarding Mr. Neuenschwander's conviction, dishonest acts and restitution related to his employment with Dr. Coy. Pursuant to Rules 609 and 404(b) of the Federal Rules of Evidence, this motion is denied.

IT IS SO ORDERED.

DATE: April 25, 2005 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT