IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-5120-SW-ODS |
| ) | |
| VAS-NES, P.C., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING AS MOOT DEFENDANT'S MOTIONS TO
ADD A PARTY AND FOR SEPARATE TRIALS

Pending is Plaintiff's Motion for Summary Judgment (Doc. #92). For the following reasons, the motion is granted.[1]

BACKGROUND

In 1994, Dr. Douglas Nespory incorporated his medical practice as a professional corporation under Missouri law; that corporation is Vas-Nes, P.C.. In 1999, Dr. Nespory obtained an insurance policy from Travelers, that included coverage for employee dishonesty. This policy (the 1999 policy) named Dr. Nespory as the insured, expired on August 4, 2000, and covered losses due to employee dishonesty that were incurred during the policy period and discovered within one year of the policy's expiration. The day the 1999 policy expired, Travelers issued a virtually identical policy; this time, however, Vas-Nes was the insured. This policy (the 2000 policy) covered losses due to employee dishonesty that were incurred during the policy period. In some circumstances, the 2000 policy also covered losses due to employee dishonesty that would have been covered by a prior policy insuring Vas-Nes.

Eddie A. Neuenschwander worked for Vas-Nes from November 1999 through August 2000. During that time, he stole an as-yet undetermined amount of money.

---

[1] Defendant's Motions for Separate Trials (Doc. #96) and to Add a Party (Doc. #97) are therefore Moot.

Neuenschwander's theft was discovered on September 12, 2000.

Travelers filed suit in October 2003 seeking a declaration that its policies did not provide coverage for Neuenschwander's dishonesty. Shortly thereafter, Vas-Nes filed suit asserting breach of contract based on Travelers' refusal to pay. The cases were then consolidated. Unfortunately the lawsuits never specified which policy was relevant to the case. This issue was not discovered until the pretrial conference, at which time the Court directed the parties to brief the issue. On May 9, 2005, the Court determined that the relevant policy is the 2000 policy and permitted the parties another opportunity to file summary judgment motions. Pending is Travelers Motion for Summary Judgment which requires the Court to expand its analysis regarding the choice of policy.

## DISCUSSION

### A. Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Policy Coverage

The Court's May 2005 Order was premised on the fact that Vas-Nes is a named insured in the 2000 policy, but not the 1999 policy. Vas-Nes does not seriously dispute these facts, but nonetheless contends it is covered under the 1999 policy by virtue of the 2000 policy's "prior coverage" clause. Vas-Nes' reasoning is flawed because the prior coverage clause requires, *inter alia,* Vas-Nes to have been able to recover under the 1999 policy; again, the fact that Vas-Nes is not a named insured under the 1999 policy prevents it from satisfying this condition and, hence, from invoking the 2000 policy's prior coverage clause.

Vas-Nes insists it is covered under the 1999 policy because in July 2000, Travelers issued a Certificate of Insurance and an Evidence of Property Insurance including Vas-Nes as an insured with Dr. Nespory. Vas-Nes also argues Travelers waived any argument that Vas-Nes is not covered under the 1999 policy because Travelers failed to assert this issue as a defense in its Answer. Both arguments suffer from the same flaw.

Waiver and estoppel may not be employed to create coverage where it otherwise did not exist. Shelter General Insurance Co. v. Siegler, 945 S.W.2d 24, 27 (Mo. App. 1997). In this case, Shelter contended a policy issued to a partnership did not cover the son of a deceased partner. The son argued Shelter was estopped from contesting his status as an insured because it had not raised the issue in its pleadings. The Missouri Court of Appeals held otherwise. "This rule is grounded in the idea that estoppel and waiver do not themselves give a cause of action, and that the purpose of estoppel is to preserve rights previously acquired but not to create new ones." Id.

A Certificate of Insurance that mistakenly includes someone who is not named under the policy does not create coverage where it does not exist. While Vas-Nes is erroneously included on the Certificate of Insurance, Dr. Nespory is still the only named insured on the 1999 policy. Further, the issue of timeliness with which Travelers raised the lack of coverage defense is rejected based upon the same rationale used in Shelter. Vas-Nes is not covered just because Travelers did not raise an affirmative defense of lack of coverage earlier in the proceedings. Regardless of when the issue is raised, a party cannot create coverage where it does not exist.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgement is granted.

IT IS SO ORDERED.

DATE: November 18, 2005
/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT